## UNITED STATES v. ATLANTIC COAST LINE CO. (three cases).

### Nos. 4338–4340.

Circuit Court of Appeals, Fourth Circuit.

Nov. 11, 1938.

For former opinion, see 99 F.2d 6.

James P. Garland, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and· Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for the United States.

J. Crossan Cooper, Jr., of Baltimore, Md., and Robert R. Faulkner, of Washington, D. C. (Venable, Baetjer & Howard, of Baltimore, Md., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge. .

A petition for rehearing has been filed by appellant in which it is contended that the opinion of the court had a number of material statements of fact not supported by the record. The only contention that it is necessary to consider is with respect to the amendment to the charter of the appellee, made in the year 1929. With regard to this point the stipulation of facts was:

"That the Charter of The Atlantic Coast Line Company as amended May 31, 1929 provides, among other things, that the Corporation shall have the power—

" 'to acquire, build, aid in building, own, sell, convey, equip, lease, or maintain and operate, by steam or other power, any railroads, street railways, tramways, telegraph lines, telephone lines, water works, canals, bridges, steamship or steamboat lines, wharves, warehouses, docks, dock-yards, steamers, lighters, boats and vessels of all kinds and the appurtenances thereof; and may obtain, carry, and transport passengers, baggage, mails, express matter, freight, and other articles; and may acquire, purchase, produce, generate, and manufacture by mechanical or other means, from any substance or material, distribute, sell, convey, use, deal in and otherwise dispose of, gas and electricity for

all purposes for which the same or either of them are or may become capable of being used, including gas and electrical plants, fittings, apparatus, inventions, appliances, and supplies, and rights, shares and interests therein; and may acquire, purchase, lease, hold, operate, develop, deal in, sell, convey, and otherwise dispose of, mines and mining property, and right, shares, and interests therein, and the appliances, machinery, appurtenances, and products thereof, and animal, agricultural, natural, and manufactured productions, and guano, phosphates, and fertilizing products, of all kinds; and may accept or otherwise acquire, hold, use, manage, develop, and dispose of any grants, concessions, rights, interests, or franchises from the government of Brazil, and from other foreign powers, states, territories, governments or communities and from the United States of America, and any states, territories, communities, or governments in the United States, and any individuals, corporations, communities, or associations situated in any of said places, with reference to, or to fully carry into effect, the powers, and privileges possessed by this corporation.'
"and to

" 'borrow and loan money, issue its own bonds or other evidences of indebtedness, and sell, negotiate and pledge the same to such · amounts not exceeding fifty per centum of the actual cash value of its assets at the time of the issue of said bonds, upon such terms and in such manner as may from time to time be determined by the directors of said corporation, and may mortgage all or any part of its property, assets and franchises to secure such bonds and the interest thereon on such terms and conditions as its directors may prescribe.'
"and these provisions were effective during all of the period in question."

With respect to this amendment we said:

"In the year 1929 the charter of the plaintiff company was again amended largely increasing the powers of the company as to the businesses it could engage in.

\* \* \* \* , \* \*

"In the year 1929 its charter was amended to give it wider power in doing business."

It may be that this amendment to appellee's charter did not increase the powers of the company but the mere fact that the amendment was made in the year 1929 shows conclusively that the company was being kept up to date and in a position to "do business".

The opinion will be revised to read, in the first sentence above quoted, as follows: In the year 1929 the charter of plaintiff company was again amended changing the powers of the company as to the business it could engage in.

The second sentence of the opinion above quoted will be revised to read: In the year 1929 its charter was amended as to the powers given it to do business.

We are of the opinion that these changes in no way affect our conclusion that the company was "doing business" during the periods involved.

The petition for rehearing will be denied.

. Denied.